## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT LOUIS WINSLOW, JR.,** | ) | **Civil Action No. 7:12-cv-00407** |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Norman K. Moon** |
| **DIRECTOR, VDOC,** | ) | **United States District Judge** |
| **Respondent.** | ) | |

Petitioner Robert Louis Winslow, Jr., a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction and sentence in the Circuit Court for the City of Danville.  Winslow's original, August 29, 2012 petition featured only a sufficiency of the evidence claim, to which respondent filed a motion to dismiss.  Winslow then filed a motion to amend, which the court granted, adding three new claims for ineffective assistance of counsel.  The respondent filed another motion, asking the court to dismiss Winslow's amended claims as time-barred.  Winslow filed a response to respondent's motion.

Virginia courts have adjudicated Winslow's sufficiency of the evidence claim on the merits and dismissed it.  Pursuant to 28 U.S.C. 2254(d), I find that the state courts' adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. I also find that the ineffective assistance of counsel claims in Winslow's amended petition are untimely, and that Winslow has not demonstrated any grounds for equitable tolling.  Therefore, I will dismiss Winslow's § 2254 petition, as amended.

## I.

Winslow was found guilty by a jury on January 27, 2010, of second degree murder, malicious wounding, shooting within an occupied building, and two counts of using a firearm in

the commission of a felony.[1]  The Circuit Court sentenced Winslow to a total term of

imprisonment of 34 years, with two years suspended.  Winslow appealed his convictions to the

Court of Appeals of Virginia, arguing that the evidence was insufficient to convict him of the

charges, as the jury was not entitled to find that he willfully or purposefully engaged in conduct

likely to cause death or great bodily harm, since he did not maintain complete control of the

firearm that killed the victim.[2]  The Court of Appeals denied his appeal on October 6, 2010.

Winslow appealed that denial to the Supreme Court of Virginia, which refused his appeal on

March 14, 2011.

       In its October 6, 2010 order denying Winslow's direct appeal, the Court of Appeals of

Virginia summarized the evidence as follows:

> [Winslow], Bradley Long, Adrian Thomas, and Kevin Tanner were present at Thomas'
> home in Danville on August 25, 2009.  Thomas's girlfriend, A.E., was also present in the
> home, although she was in a different room.  While in the back bedroom of this home,
> Long and Tanner discussed an incident that occurred in Henrico County.  [Winslow],
> who was apparently not involved in the Henrico incident, nevertheless commented on it.
> According to Thomas, [Winslow] said something about Tanner playing with guns, and
> Tanner responded that his gun was his fist, which Tanner raised.  Tanner told [Winslow]
> to stay out of the discussion.  [Winslow] then stood up to face Tanner and, according to
> Tanner, was holding a firearm in his right hand. [Winslow later acknowledged bringing a
> firearm to Thomas' house.]  Tanner believed that [Winslow] was ready to fire the
> weapon.  Tanner tried to punch [Winslow] in an attempt to disrupt [Winslow's] balance,
> landing a punch only after [Winslow] had raised the firearm into firing position.
> [Winslow's] firearm discharged at about the same time as Tanner's punch, and Tanner
> was shot in the thumb.
>
> A struggle ensued between [Winslow] and Tanner, and both men fell on a mattress while
> [Winslow] maintained control of the firearm.  Approximately two seconds later, the
> firearm discharged again.  The struggle continued on the mattress until Long – who,
> along with Thomas, had left the bedroom when the confrontation between [Winslow] and
> Tanner began – returned to the bedroom and stepped on [Winslow's] hand, causing
> [Winslow] to release his grip on the firearm.  [Winslow] ran out of the bedroom.

---

[1] Winslow pleaded guilty to the charge of possession of a firearm after felony conviction.

[2] Winslow appealed all convictions except his conviction for possession of a firearm after being convicted of a felony.

A.E. had been in the living room at the time of the confrontation between [Winslow] and Tanner. When Thomas left the back bedroom after the confrontation ended, there were drops of blood in the living room, but A.E. was not in that room. Thomas found A.E. in another bedroom, bleeding. Thomas called the 911 operator.

When the police arrived, A.E. was lying on the kitchen floor – blood was on the refrigerator and floor around her. She had been shot once in the chest. The gunshot wound had punctured her left lung and was fatal. In addition, Tanner had been shot in the thumb, which, according to one officer, "had been severed so badly, that the skin on the back side was only holding the finger together." [Winslow] was not present when the police arrived.

(Record No. 0445-10-3, Docket No. 5-2, pp. 2-3.)

On February 23, 2012, Winslow filed a petition for a writ of habeas in the Circuit Court for the City of Danville, featuring eight allegations of ineffective assistance of counsel and four allegations of trial error, including allegations that the evidence was insufficient to sustain his convictions, and that the Court of Appeals erred in upholding his convictions. On May 11, 2012, the Circuit Court granted the respondent's motion to dismiss.[3] On September 17, 2012, Winslow appealed to the Supreme Court of Virginia, alleging his counsel provided ineffective assistance by failing to investigate, challenge the indictments before trial, inform him of his right to waive a jury trial, and raise a prejudicial jury instruction on appeal. The Supreme Court of Virginia dismissed his petition on January 3, 2013, for failing to timely file the notice of appeal and the petition for appeal.

Winslow filed his federal habeas petition on August 21, 2012, claiming that the evidence was insufficient to convict him. Winslow filed his motion to amend on January 16, 2013, asserting three new claims of ineffective assistance of counsel, and the court granted leave to amend on April 3, 2013.

---

[3] The Circuit Court dismissed Winslow's allegations regarding trial error pursuant to the procedural default rule in *Slayton v. Parrigan,* 215 Va. 27 (1974), and dismissed his allegation of ineffective assistance on the merits under *Strickland v. Washington*, 466 U.S. 668 (1984).

## II.

In his initial petition, Winslow argues that the evidence is insufficient to support his convictions of second degree murder, malicious wounding, shooting within an occupied building, and two counts of using a firearm in the commission of a felony.[4]   In support, Winslow states that "[a]lthough there are conflicting statements from all witnesses they all agree to a mutual scuffle between Winslow and Tanner before any gun shot."  (Docket No. 1-1, p. 14.) He states that "Tanner was the aggressor" and that no witness stated that Winslow fired the gun. He further states that Tanner testified that "the two scuffled over the gun" and that "[Tanner] never said that Winslow had exclusive control over the gun for the entire encounter." (Docket 1-1, p. 15.)  According to Winslow, it was not proven beyond a reasonable doubt that he fired the gun, and therefore insufficient evidence existed to convict him.

After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000) (en banc), and must give deference to the findings of fact made by both the trial and appellate courts, 28 U.S.C. § 2254(e); *Howard v. Moore*, 131 F.3d 399, 406 (4th Cir. 1997) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).  The federal

---

[4] Respondent concedes that Winslow exhausted available state court remedies regarding his insufficient evidence claim, pursuant to 28 U.S.C. § 2254(b).  (Docket No. 5, p. 5.)

court does not weigh the evidence or consider the credibility of witnesses.  *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983).

For the reasons described hereafter, the Supreme Court of Virginia's adjudication of Winslow's claim that the evidence at trial was insufficient to convict him was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts.[5]  Accordingly, I find that Winslow is not entitled to habeas relief regarding this claim.[6]

A rational trier of fact could have found the essential elements of second-degree murder, and the related charge of use of a firearm in the commission of that murder.[7]  The Court of Appeals adjudicated and rejected Winslow's sufficiency of the evidence claim regarding second degree murder.  It found that "[Winslow] threatened Tanner with a firearm while he was inside an occupied dwelling, fired a shot that struck Tanner's thumb, and then engaged in a physical struggle with Tanner, during which the shot that killed A.E. was fired."  (Docket No. 5-2, pp. 4-5.)  The Court of Appeals further found that "Tanner's testimony established [Winslow] maintained complete control of the gun during the entire struggle—including when the gunshot that killed A.E. occurred[,]" supporting a "finding that the gunshot was deliberate, not accidental."  (Docket No. 5-2, p. 5.)  The court noted that the jury was entitled to disbelieve

---

[5] In refusing the petition for appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated petitioner's claim regarding the sufficiency of the evidence.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

[6] In its "Response to Court Order of April 3, 2013," the respondent argued that Winslow's amended claims were time-barred.  The respondent also included a footnote stating that Winslow's original petition was not timely filed, as it was signed and placed in the prison's mailing system on August 21, 2012, and the federal limitations period expired on August 20, 2012.  However, it is not clear whether the respondent is seeking to assert the time bar regarding the original petition.  In its brief in support of its motion to dismiss Winslow's original petition, the respondent states that "[o]n August 29, 2012, Winslow filed a *timely* petition for writ of habeas corpus in this Court attacking the validity of his convictions."  (Docket No. 5, p. 2) (emphasis added).  Moreover, the respondent asks the court to "dismiss the *amended claims* as time-barred," without referencing Winslow's original petition.  (Docket No. 17, pp. 5 & 7) (emphasis added).  Accordingly, I will not apply the time-bar under § 2244(d) to Winslow's original petition, which features the sole claim that the evidence was insufficient to convict.

[7] In Virginia, "[k]illing with malice but without premeditation and deliberation is murder of the second degree." *Pericllia v. Commonwealth*, 229 Va. 85, 91, 326 S.E.2d 679 (1985); *see also* Va. Code § 18.2-32.

Winslow's self-serving testimony that he did not intend to fire the gun.  Thus, the court found that the jury was entitled to find that Winslow purposefully or willfully engaged in conduct that was likely to cause death or great bodily harm.  *See Pender v. Angelone*, 257 Va. 501, 504 (1999) (If a defendant only intended serious bodily harm to the decedent, the offense is murder in the second degree.) (internal citations omitted).

Similarly, a rational trier of fact could have found beyond a reasonable doubt that Winslow committed malicious wounding, and the related charge of use of a firearm in the commission of malicious wounding.[8]  The Court of Appeals found that the jury accepted the Commonwealth's evidence that Winslow "produced a firearm and fired a shot that struck Tanner's thumb while Tanner – who was unarmed – attempted to defend himself" and rejected Winslow's testimony that Tanner first grabbed for the firearm.  (Docket No. 5-2, p. 6.)

Finally, a rational trier of fact could have found beyond a reasonable doubt that Winslow committed malicious shooting within an occupied dwelling.[9]  The Court of Appeals stated it was "undisputed that the dwelling . . . was occupied," and that the jury found that the firearm was discharged deliberately by Winslow, and not as a result of a physical struggle.  (Docket No. 5-2, p. 7.)

Upon reviewing the transcripts and relevant state court orders and opinions, I find that a rational trier of fact could have found Winslow guilty of the essential elements of the crimes in this case beyond a reasonable doubt.  Tanner testified that Winslow attempted to shoot him with a gun and, while he and Winslow were scuffling for the gun, Tanner never actually put

---

[8] "If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony." Va. Code § 18.2-51 ("Shooting, stabbing, etc., with intent to maim, kill, etc").

[9] "If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, or maliciously shoots at, or maliciously throws any missiles at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending is guilty of a Class 4 felony." Va. Code § 18.2-279.

his hands on the gun or trigger.  (*See* Tr. Tran. p. 156.)  Further, Long testified that Winslow was holding the weapon at the time of the first gunshot.  (*Id.* at 109.)  Lastly, Winslow admitted that he brought the gun to the house, and none of the witnesses stated that he laid the gun down at any point prior to the shooting.  (*Id.* at 109, 154, 186.)

Winslow fails to establish that the evidence was insufficient to sustain his convictions for second degree murder, malicious wounding, shooting within an occupied building, and two counts of using a firearm in the commission of a felony.   The state court's decision was consistent with the record, and its adjudication was not contrary to clearly established federal law nor based on an unreasonable determination of the facts.  Thus, I will grant respondent's motion to dismiss Winslow's sufficiency of the evidence claim under § 2254(d).

### III.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus.  28 U.S.C. § 2244(d).[10]  A conviction becomes final once the availability of appeal is exhausted.  *See United States v. Clay*, 537 U.S. 522 (2003).  The Supreme Court of Virginia denied Winslow's direct appeal from his criminal convictions on March 14, 2011.  Thus, Winslow's conviction became final on June 13, 2011, when the time to file a petition for writ of certiorari in the United States

---

[10] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A–D).

Supreme Court expired, and the one-year period of limitation under § 2254(d)(1) began to run on

that date.  Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's

"properly filed application for State post-conviction or other collateral review" is "pending."  *See*

28 U.S.C. § 2244(d)(2).  Winslow filed his state habeas petition in the Circuit Court for the City

of Danville on February 23, 2012, entitling him to statutory tolling under § 2244(d)(2).  Thus, the

federal limitations period was tolled from February 23, 2012, until the Circuit Court dismissed

Winslow's habeas petition on May 11, 2012.

Winslow attempted to file an appeal to the Supreme Court of Virginia.  However,

because the state court rejected his appeal as untimely, his appeal was not "properly filed" and

therefore did not toll the federal limitations period under § 2244(d)(2).  *See Pace v. DiGuglielmo*,

544 U.S. 408, 417 (2005).  Thus, the federal limitations period started to run again on May 11,

2012, and expired on August 20, 2012.  Winslow filed his original petition, at the earliest, on

August 21, 2012.[11]  Thus, it appears that Winslow's original petition was untimely.  However, as

discussed, it is not clear whether the respondent seeks to assert the time bar regarding Winslow's

original petition.  For this reason, I granted the respondent's motion to dismiss Winslow's

sufficiency of the evidence claim under § 2254(d).  However, the respondent unambiguously

argues that that Winslow's amended claims, which he filed on January 16, 2013, are untimely,

and the court agrees.

### A.  Relation Back

Once the statute of limitations expires, a petitioner may amend the petition only if the

amendment "relates back" to the date of the original pleading.  Fed. R. Civ. P. 15(c).  An

---

[11] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court.  *See* Rule 3(d), Rules Governing § 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266 (1988).  Because Winslow signed and dated his § 2255 motion on August 21, 2012, the court will assume for purposes of this opinion that he delivered it to prison authorities for mailing on that date.

amended pleading relates back if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" *Id.* Amendments filed outside the limitations period do not relate back to a timely petition if they assert new claims or facts. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in time and type from those in the original pleading set forth."); *see also United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) ("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)."). Winslow's amended claims that counsel provided ineffective assistance asserts new grounds for relief, supported by different facts, which do not relate back to Winslow's original habeas petition.[12] Accordingly, these claims are time-barred. *Mayle*, 545 U.S. at 657.

## B.  Equitable Tolling

A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A–D).

"[A] 'petitioner' is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544

---

[12] Winslow claims that counsel provided ineffective assistance by (1) failing to investigate and object to the evidence used to secure first-degree murder, felony murder, and malicious wounding indictments; (2) failing to inform Winslow of his right to waive a jury trial; and (3) failing to object at trial or raise on direct appeal the prejudicial instructions given to the jury.

U.S. at 418).  In support of his argument for equitable tolling, Winslow argues that the Circuit

Court for the City of Danville never mailed a signed or dated copy of the final order dismissing

his state habeas petition to Winslow.  Thus, Winslow states that he was not aware of the May 11,

2012 dismissal, and only became aware of the dismissal order on August 17, 2012, when he

received a letter from the Circuit Court for the City of Danville.  (Docket 15-7, p. 3.)  Winslow

argues that "as long as [Winslow] has not been served with a signed and dated order by the

Circuit Court then no time should have ran off on his time to appeal or his time to take federal

action."  (Docket No. 20, p. 3.)

Respondent states that a copy of the motion to dismiss and proposed dismissal order was

mailed to Winslow on April 18, 2012, along with a letter indicating that the respondent would

send the proposed order to the circuit court for entry in about 14 days.  Thus, Winslow had an

unsigned copy of the proposed dismissal order prior to its entry by the court, and was aware that

the proposed dismissal order would be sent to the court for entry by approximately May 2, 2012.

As he was aware the matter was pending in the Circuit Court, and that respondents had submitted

a proposed dismissal order, he could have written to the Circuit Court asking about the status of

the proposed order.

Winslow has not alleged that he made any inquiry regarding the proposed dismissal

order, or the status of his case, until writing to the court on August 2, 2012, requesting to amend

the habeas petition which he thought was still pending.  (Docket No. 20, p. 2.)  Moreover, this is

not a case where Winslow was unaware of his amended claims due to some alleged concealment

by respondents.  At bottom, Winslow has not exercised due diligence in bringing his amended

claims to federal court in a timely manner.  In fact, even if the federal limitations period did not

start to run again until August 17, 2012, when Winslow admits he received notice that the Circuit

Court for the City of Danville dismissed his habeas petition, the limitations period would have run out on November 26, 2012, prior to when Winslow filed his amended § 2254 petition. Accordingly, I find that Winslow filed his ineffective assistance claims beyond the one-year statute of limitations, he is not entitled to equitable tolling, and his ineffective assistance claims are dismissed as untimely filed.

## IV.

For the reasons stated, I grant the respondent's motion to dismiss, and dismiss Winslow's amended petition.  An appropriate order accompanies this memorandum opinion.


ENTER:  This   8th   day of August, 2013.


NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

11